# R. D. SILLIMAN *v.* OCEANIC STEAMSHIP COMPANY.

DEFENDANT'S APPEAL FROM DISTRICT COURT OF HONOLULU, ON POINTS OF LAW.

SUBMITTED JANUARY 23, 1899.          DECIDED MARCH 8, 1899.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE STANLEY, IN PLACE OF FREAR, J., ABSENT.

A passenger who had engaged passage on a steamship, left, some time before the time of sailing, his unlocked valise intended for use on the voyage, on the deck of the vessel next to the door of the saloon, his assigned stateroom being locked and the purser not being on board and the attention of a steward of the vessel whose duty it was to receive such baggage not having been called to the valise, the only employee of the vessel who knew that the valise was so placed being an officer who had no duty in respect to "cabin baggage" and whose duty was of a different nature and at a different place. Held; No delivery is shown, and the vessel is not responsible for the loss of the valise as a common carrier.

OPINION OF THE COURT BY JUDD, C.J.

Following are the agreed facts of this case:

The plaintiff purchased from defendant a ticket for passage of himself and baggage from Honolulu to San Francisco

on May 25, 1898, at 1:50 p. m., and at the same time a state-
room was assigned to him on the steamship "Moana," then in
port, and advertised to sail that day for San Francisco. At
1:40 p. m. of the same day plaintiff had delivered a trunk and
a valise to a baggage transfer company with instructions to
deliver same to the steamship "Moana." At 2 p. m. plaintiff
asked the fourth officer, stationed near by the gang plank of
said steamship Moana and having charge of the checked·bag-
gage intended for the hold, if his baggage had been delivered
to him, and in answer plaintiff's trunk was pointed out, and
in response to the inquiry of plaintiff about his telescope valise,
plaintiff was informed by said fourth officer that it was "prob-
ably on board the boat," plaintiff then went aboard and found
the valise lying upon the deck next to the door of the saloon,
and directly across from the ship's end of the gang plank. It
was marked with the plaintiff's name, and there was the bag-
gage company's tag attached to it, with the words "wanted in
cabin" written on the back in pencil. The plaintiff had given
no instructions to the baggage man to so mark the valise, nor
was it known who had marked the tag, though plaintiff as a
matter of fact did want the baggage in his stateroom during
the trip. After looking at the valise, but not opening it, plain-
tiff went to the stateroom assigned to him, and found it locked.
Plaintiff went back to the saloon and inquired for the purser
both there and at his office. Plaintiff was informed by some one
on deck that the purser had gone up town, and would be back in
half an hour. After waiting about the ship for half an hour
the purser not having returned, the plaintiff also started to go
up town. On coming down the gang plank he informed the
fourth officer that he found his valise aboard. The fourth
officer then replied that he remembered seeing the valise on
board; but it is not known whether the baggage man handed
it to one of the ship's officers or crew, or merely set it down
opposite to the upper end of the gang plank. Plaintiff re-
turned to the boat about fifteen minutes before she sailed.
After the boat left the dock plaintiff went to his cabin which
was then unlocked, and finding that his valise was not there

went back to the saloon and looked for it where he had seen it lying but not finding it there reported the fact to the purser, who informed plaintiff that he would have the second steward look it up. The purser then took up the plaintiff's ticket.

The second steward having failed to find the valise, the purser caused a very careful search to be made over the entire ship but the valise was not found, nor could any one be found who admitted having received such a valise.

The custom of the ships of defendant company with regard to cabin baggage is to receive it at the gang plank at the ship's end thereof, when it is immediately removed by one of the ship's stewards, unless the party having the baggage sees fit to take the baggage himself, to the passenger's stateroom, or, if the number of the stateroom is not known, then it is taken by such stewards to the lower saloon. There are always a large number of stewards handy to the gang plank delegated to attend to such baggage, who can be called on to do this service. The fourth officer has nothing to do with baggage for the cabin. Plaintiff had no knowledge of the custom of the defendant company's ships in handling baggage. There is no proof that the valise was or was not handed by the baggageman to one of the ship's crew or officers, when it was brought on board.

The points of law to be decided are, first: Has delivery to defendant been proven? Second, Is the defendant liable as a common carrier for the loss of the baggage?

We find that there was no delivery to the fourth officer. He was on the dock at the end of the ship's gang plank checking baggage of passengers intended for the hold. The baggage in question being an unlocked telescopic basket or valise was intended for the cabin and for use of the passenger on the voyage. Clearly the officer's statement to plaintiff that the "valise was probably on board," and later, when said valise had been seen on board by plaintiff and this fact was stated to said officer, he replied that he "remembered seeing it on board" was not an acknowledgement that the valise was received by the

company and does not bind it. It was no part of his duty to receive "cabin baggage."

Was the deposit by the baggage expressman on the deck next to the saloon door a delivery? It was not delivered to one of the stewards whose duty it was to receive cabin baggage. The fact that plaintiff found that his assigned stateroom was locked and that the purser was not then on board should have put him on the further inquiry of some employee of the defendant as to who would take delivery of the valise. Plaintiff's ignorance of the defendant's custom as to delivery of such baggage is no excuse when his manifest duty was to inquire what the custom was. Leaving a valise of this character in a place on the deck accessible to the public some time before the vessel sailed, it not being deposited in the custody of any one responsible, nor its place of deposit told to any one but to the fourth officer on the dock who had no duty in respect to it, is no delivery, and the defendant as a common carrier is not bound.

Plaintiff *per se.*

*Kinney, Ballou & McClanahan* for defendant.